Jennie Green, Transferee v. Commissioner.
Green v. Commissioner
Docket No. 2723-63.
United States Tax Court
T.C. Memo 1964-327; 1964 Tax Ct. Memo LEXIS 10; 23 T.C.M. (CCH) 2014; T.C.M. (RIA) 64327; December 22, 1964
Charles C. Cohen, 1 Wall St., New York, N. Y. for the petitioner. Warren A. Shine, for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The Commissioner determined that the petitioner is liable as a transferee of assets of a corporation named 84 Woodbine Street Realty Corp., for a deficiency in the income tax of said corporation for its taxable year January 1, 1958, to August 21, 1958, in the amount of $23,481.43, plus interest as provided by law. The sole issue is whether the petitioner is so liable. Findings of Fact The petitioner, Jennie Green, is an individual residing in Brooklyn, New York. Said petitioner filed a Petition with this Court, with respect to the above-mentioned determination of her liability as a transferee, in which she pleaded in *11 substance, as her sole assignment of error, that the respondent had erred in determining the said income tax deficiency against the 84 Woodbine Street Realty Corp. (herein called the transferor), by holding that a certain gain which said corporation had realized as the result of the condemnation of a parcel of real property by the City of New York did not qualify for nonrecognition as taxable income to it, under section 337 of the 1954 Code. The respondent thereupon filed an Amended Answer to said Petition, in which he alleged, as an affirmative defense to the assigned error, that the same issue respecting the transferor's tax liability had theretofore been litigated and finally decided by this Court in a prior case instituted by said transferor corporation; and that the doctrine of res judicata barred relitigation by petitioner, of either this same issue or any other issue involving said transferor's income tax liability for its above-mentioned taxable year. Respondent further pleaded, in subparagraphs (a) through (g) of paragraph 7 of his said Amended Answer, certain allegations of fact in support of such affirmative defense. Petitioner then filed with this Court, her Reply to *12 said Amended Answer; and therein she admitted, and thereby established as agreed facts, all of the facts averred in said subparagraphs (a) through (g) of respondent's Amended Answer, which were that: (a) The respondent issued a notice of deficiency to 84 Woodbine Street Realty Corp. for its taxable year January 1, 1958 to August 21, 1958, which notice determined a deficiency of $23,481.43. (b) 84 Woodbine Street Realty Corp., hereinafter referred to as the transferor, duly filed a petition with this Court from said notice of deficiency (Docket No. 250-62). (c) A hearing on the merits in said proceeding was duly held by this Court in New York City on April 16, 1963, Judge Graydon G. Withey presiding, and the case was duly submitted to this Court by the parties. (d) On September 26, 1963 this Court, in a sustained the respondent's determination in the case in full. (e) Pursuant thereto a decision on the merits for respondent was thereafter duly entered by this Court on September 30, 1963, which decided that there is a deficiency in income tax [of said transferor corporation] for the taxable year 1958 in *13 the amount of $23,481.43. (f) On December 27, 1963 the transferor filed a petition with this Court for review of its decision by the Court of Appeals for the Second Circuit, which appeal was subsequently dismissed upon stipulation of the parties on March 20, 1964. (g) The decision against the transferor by this Court thereafter became final. Also the respondent, in subparagraphs (a) through (c) of paragraph 8 of his said Amended Answer to the Petition herein, pleaded additional averments of fact in support of his determination that petitioner is liable as a transferee of assets of said transferor corporation, for the above-mentioned deficiency plus interest as provided by law. And the petitioner, in her said Reply, pleaded the following admissions with respect to said averments: 8(a). Admits that on or about August 27, 1958 and September 2, 1960, 84 Woodbine Street Realty Corp. distributed and transferred in complete liquidation thereof, all of its assets to its shareholders, one of whom was the petitioner herein. 8(b). Admits that the assets so distributed to petitioner consisted of cash in the total amount of $49,125.86. 8(c). Admits that as a result of said distributions *14 in complete liquidation, 84 Woodbine Street Realty Corp. has been without any assets to satisfy said deficiency. The respondent has requested this Court to determine the issue herein, on the basis of the foregoing admissions of fact made by the petitioner in her pleadings. Opinion 1. The principle is now well established that where the tax liability of a transferor has previously been decided by this Court, after a trial on the merits of a case instituted by such transferor, and such decision has become final - then such final decision is res judicata of that same tax liability when asserted against a transferee of such transferor, where the transferee admits his or her liability as a transferee. , affd. (C.A. 8, 1958). See also , appeal dismissed (C.A. 5, 1933). 2. In the instant case, petitioner has admitted in her pleadings: That the income tax liability of the transferor, 84 Woodbine Street Realty Corp. for its taxable year January 1, 1958, to August 21, 1958, was decided by this Court on the merits, *15 in a prior case instituted by said transferor; that this Court therein decided that there was a deficiency in income tax for said taxable year in the amount of $23,481.43; and that said decision, following the dismissal of the transferor's appeal therefrom to the Court of Appeals for the Second Circuit, became final. Petitioner also has admitted in her pleadings: That in 1958 and 1960, said transferor corporation distributed and transferred in complete liquidation thereof, all its assets to its shareholders, one of whom was the petitioner herein; that the assets so distributed to petitioner consisted of cash in the amount of $49,125.86, which is more than the amount of the liability which respondent has herein determined against her as a transferee of said corporation; and that as a result of the above-mentioned distributions in complete liquidation, said transferor corporation has been without any assets to satisfy said deficiency. Also at the time the case was called for hearing before this Court, counsel for petitioner admitted that, assuming the tax liability of the transferor corporation is correct, petitioner is a transferee of said corporation. 3. Based on all the foregoing, *16 we decide the present issue in favor of the respondent; and we approve the determination of transferee liability as set forth in the statutory notice issued herein. Decision will be entered for the respondent.